[Crim. No. 4565.   Second Dist., Div. Three.   May 17, 1951.]

THE PEOPLE, Respondent, v. FRANCISCO BECERRA
Appellant.

David C. Marcus for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant, Francisco Guadalupe Becerra, appeals from a judgment convicting him of assault with a deadly weapon and from an order denying his motion for a new trial.

The record shows that defendant and the victim, Joe E. Perez, were brothers-in-law, that enmity had existed between them for several years, and that the two had engaged in several fights prior to the time in question.   At approximately 6 p. m. on April 6, 1950, defendant drove to the home of Perez and parked his car across the entrance to the driveway where the latter's car was parked.   He honked the horn and Mrs. Perez

came out of the house, with her baby in her arms, and told defendant that her husband was asleep. Perez came out of the house and was offered and declined a drink from a bottle handed him by defendant. The defendant apparently invited Perez to go somewhere and fight it out but Perez refused. Defendant then got out of the car and fired either two or three shots at Perez, one of which hit him in the shoulder, and one apparently went through the material of his left trouser leg at the knee. Perez then ran around to the back of his house and into the house of his next door neighbor who, with another neighbor, drove him to the hospital. The record shows that defendant did not try to run from the scene, but that he offered money to one of the bystanders to telephone the police. He admitted having drunk half a pint of whiskey and the half bottle was found in his car. The defendant claimed that Perez was armed with a gun when he came from the house and that he, himself, shot at the victim's legs only to frighten him.

The defendant was charged with assault with a deadly weapon with intent to commit murder but was found guilty of assault with a deadly weapon. He does not contend here that the evidence was insufficient to sustain the conviction, but does contend that the jury was improperly instructed in several instances; that certain other instructions should have been, but were not, given, and that as a result prejudicial error was committed. There is nothing in the record to show by whom any instruction was offered or that any instruction was proposed and refused.

The defendant contends that his defense was based on two theories, that of self-defense and accidental shooting. He contends that the instructions given on self-defense were so worded that they favored the prosecution, and that no instructions were given on the theory of accident or on the general proposition that in every crime there must be a unity of act and intent. (Pen. Code, § 20.)

We have examined the record carefully and find that the jury was fairly, fully and correctly instructed concerning the law of self-defense. We find no merit in defendant's contention that the instructions given unduly favored the prosecution. It was the privilege of defendant to request them in more impartial form but he did not do so.

Defendant's contentions that the court, of its own motion should have instructed the jury on general criminal intent and on the theory that the shooting was accidental are

interwoven. They are without merit. The court gave the following instruction: "An assault with a deadly weapon is an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another with a deadly weapon. A deadly weapon is any object, instrument or weapon which, used in the manner in which it appears to have been used, is capable of producing, and is likely to produce, death or great bodily injury. To constitute an assault with a deadly weapon, actual injury need not be caused. The characteristic and necessary elements of the offense are the unlawful attempt, with criminal intent, to commit a violent injury upon the person of another, the use of a deadly weapon in that attempt, and the then present ability to accomplish the injury. . . ." This statement of the law is not criticized.

It is urged that it was not sufficient to instruct as to the specific intent to commit a violent injury but a further instruction was required as to the existence of an intent to commit the act, since a union or joint operation of act and intent are the elements of a public offense.

There was no occasion for an instruction as to whether defendant intended to fire the gun. He admitted the act and made no claim that it was accidental. (See *People* v. *Corlett*, 67 Cal.App.2d 33, 54 [153 P.2d 595, 964].)

Under the circumstances the quoted instruction was adequate and as favorable to defendant as he had a right to expect. It informed the jury that one element of the offense was the existence of a criminal intent to commit a violent injury upon the person of another. Intentional shooting having been admitted, and proof of an intent to do violent injury having been specified as an element of the offense, further instructions on intent were not required. (*People* v. *Klor*, 32 Cal.2d 658 [197 P.2d 705].)

The judgment and order are affirmed. The attempted appeals from the verdict and the sentence are dismissed.

Wood (Parker) J., and Vallée, J. concurred.